## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

CASELDERRICK C. BLACK,

       Petitioner,

v.                             CASE NO.  4:17cv457-RH/CAS

MARK S. INCH,

       Respondent.

_____/

## ORDER DENYING THE PETITION AND
## DENYING A CERTIFICATE OF APPEALABILITY

By petition for a writ of habeas corpus under 28 U.S.C. § 2254, Caselderrick

C. Black challenges his Florida state-court conviction. This order denies the

motion. The ruling is not an endorsement of the state courts' handling of the case.

### I

The case began with an alleged traffic accident. Mr. Black asserted that

Richard J. Peckham rear-ended Mr. Black. Mr. Peckham denied it. Mr. Black told

Mr. Peckham to pull over. Mr. Peckham fled. Mr. Black gave chase. He caught up

and confronted Mr. Peckham and his passenger, Ryan Eugene Conner.

The State charged Mr. Black with eight offenses arising from these events. The charging decision was understandable: during these events, Mr. Black shot out three of Mr. Peckham's tires and brandished a firearm while telling Mr. Peckham and Mr. Conner they could not leave.

Mr. Black asserts he was attempting to make a lawful citizen's arrest. He went to trial on that theory. As the State conceded, Florida law allows a citizen to make a felony arrest and to use the force necessary to do so. *See, e.g.*, *Phoenix v. State*, 455 So. 2d 1024, 1025 (Fla. 1984); *Nelson ex rel. Bowens v. Howell*, 455 So. 2d 608, 610 (Fla. 2d DCA 1984). Knowingly fleeing the scene of an accident resulting in injury is a felony. If, as Mr. Black testified, he suffered an injury in a crash caused by Mr. Peckham, he was entitled under Florida law to make a citizen's arrest and to use the force necessary to do so.

Both sides asked the court to instruct the jury on citizen's arrest. The court denied the joint request. Mr. Black was forbidden from arguing citizen's arrest. With the only colorable defense foreclosed, the verdict was not surprising: Mr. Black was convicted on all counts.

Mr. Black appealed, raising as his first issue the failure to instruct on citizen's arrest. He asserted this as a state-law claim and also asserted he had a due-process right to an instruction on this defense. In response, the State

acknowledged that Florida law allows a citizen's arrest but said the citizen's arrest

theory was unfounded here for two reasons.

First, the State said that although Mr. Black testified he suffered an injury in

the initial accident, he could not testify that Mr. Peckham *knew* about the injury.

Fleeing the scene of an accident that does not involve an injury is a misdemeanor,

not a felony. But probable cause for an arrest does not require direct evidence of a

defendant's knowledge. The State, which is usually on the prosecution side of this

issue, surely does not really assert that an officer with evidence of a defendant's

conduct must have direct evidence of a defendant's knowledge or intent before

making an arrest. The law on this favors the party making the arrest—in this case,

Mr. Black. *See, e.g.*, *United States v. Everett,* 719 F.2d 1119, 1120 (11th Cir.1983)

("While intent is an element of the crime [of passing counterfeit currency], it is not

necessary in order to establish probable cause to arrest."); *McGuire v. City of New*

*York,* 142 F. App'x 1, 3 (2d Cir.2005) (unpublished) ("[W]hen an officer has

evidence that a defendant has engaged in conduct proscribed by law—whether

transporting a quantity of drugs, possessing a stolen item, or driving with a

suspended license—he has probable cause to arrest the person even without

specific evidence on the elements of knowledge and intent that will have to be

proved to secure a conviction at trial."); *United States v. Quintana*, 594 F. Supp. 2d

1291, 1298 (M.D. Fla. 2009) (holding that an officer had probable cause to arrest a

person who was driving with a suspended license, even in the absence of any other evidence that the person knew his license was suspended); *Hanson v. Greenfield*, No. 4:13cv514-RH/CAS, 2014 WL 1664546, at *1 (N.D. Fla. Apr. 22, 2014) (unpublished order) (same).

Second, the State said Mr. Black used more force that necessary. Shooting out tires is indeed problematic. But one count charged robbery—merely for taking Mr. Peckham's keys. Surely if Mr. Black was entitled to make a citizen's arrest, he was entitled to take the keys. When, in the next case, an officer takes a fleeing suspect's keys, surely the State will not assert doing so was excessive.

The First District Court of Appeal affirmed by a vote of 2–1. Neither the majority nor the dissent issued an opinion.

## II

Mr. Black's § 2254 petition is before the court on the magistrate judge's report and recommendation, ECF No. 18, and the objections, ECF No. 21. I have reviewed de novo the issues raised by the objections.

Mr. Black's three claims in the petition all assert that his trial attorney rendered ineffective assistance. As correctly set out in the report and recommendation, the assertion is incorrect. Mr. Black was foreclosed from presenting his citizen's arrest defense not because of ineffective assistance but because the trial court and court of appeal ruled against him. A trial attorney can

present the governing law but cannot make a court follow it. Even well-founded arguments sometimes fail.

Nothing about Mr. Black's behavior was commendable. On one view—perhaps the most compelling view—this was an egregious case of road rage. Or at least an extreme overreaction to a minor accident. But a defendant has a constitutional right to a jury trial. A court cannot grant a judgment of conviction as a matter of law, no matter how strong the evidence. Mr. Black testified that Mr. Peckham rear-ended him. Mr. Peckham denied it, but an independent witness sided with Mr. Black. Mr. Black said the collision caused him to strike the steering wheel and that he suffered an injury. It is undisputed that Mr. Peckham fled. A strong argument could be made that a citizen's arrest should not be allowed in circumstances like these, no matter what actually happened. But Florida law still allows citizen's arrests.

It is unclear how a court could properly rule as a matter of law that Mr. Black could not make a citizen's arrest. But the trial court so ruled, and the court of appeal affirmed.

Even so, the only issue on this petition is whether Mr. Black's attorney rendered ineffective assistance in specific respects. He did not.

## III

Rule 11 of the Rules Governing § 2254 Cases requires a district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *See Miller-El v. Cockrell*, 537 U.S. 322, 335-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983); *see also Williams v. Taylor*, 529 U.S. 362, 402-13 (2000) (setting out the standards applicable to a § 2254 petition on the merits). As the Court said in *Slack*:

> To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot*, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were " 'adequate to deserve encouragement to proceed further.' "

529 U.S. at 483-84 (quoting *Barefoot*, 463 U.S. at 893 n.4). Further, to obtain a certificate of appealability when dismissal is based on procedural grounds, a petitioner must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 484.

Mr. Black has not made the required showing for the ineffective-assistance claims raised by this petition. This order thus denies a certificate of appealability.

IV

For these reasons,

IT IS ORDERED:

1. The report and recommendation is accepted.

2. The clerk must enter judgment stating, "The petition is denied with prejudice."

3. A certificate of appealability is denied.

4. The clerk must close the file.

SO ORDERED on March 28, 2019.

s/Robert L. Hinkle
United States District Judge